UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID C.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C20-6147-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

      Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found cervical spine DDD with foraminal stenosis at C5-6 level, status post anterior cervical discectomy and fusion (ACDF, chronic C6 radiculopathy and chronic pain syndrome are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; Plaintiff cannot perform past work but is not disabled because he can perform other work in the national economy. Tr. 32-42.

      In his opening brief, Plaintiff contends the ALJ misevaluated the opinions of Dr. Omar Hussany, M.D., and Derek Leinenbach, M.D., failed to provide sufficient reasons to reject his testimony, and the additional evidence he submitted to the Appeals Council undermines the ALJ's decision. As discussed below, the Court **REVERSES** the Commissioner's final decision

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

# DISCUSSION

### A.  Medical Opinions

Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence. Plaintiff contends the ALJ erroneously discounted the opinions of Drs. Hussany and Leinenbach.

### 1.    Dr. Hussany

The ALJ requested Dr. Hussany to review Plaintiff's medical records and answer interrogatory questions. The ALJ noted Dr. Hussany opined the record established Plaintiff has chronic neck and back pain due to spondylosis and stenosis, Plaintiff's condition meets Listing 1.04A; Plaintiff could lift 10 pounds, sit four hours, stand or walk a total of two hours and had other environmental limitations. Tr. 38. The ALJ rejected the doctor's opinion "because he failed to follow the instruction to cite specific portions of the record and specific clinical findings to support his opinion. As a result, I had to call another medical expert to testify at the hearing." *Id.*

Plaintiff argues the ALJ erred because the ALJ rejected Dr. Hussany's opinion "out loud at the hearing" on the same grounds set forth in the subsequent decision and thus before evaluating the doctor's opinion. Plaintiff contends the ALJ's decision is therefore not based upon a dispassionate evaluation of the entire record. Dkt. 18 at 6-7. Plaintiff cites no authority establishing the ALJ's actions were erroneous. The ALJ stated she was calling Dr. Kendrick

because Dr. Hussany's failed to follow instructions regarding identifying objective findings to support his opinion. Tr. 385. The ALJ is entitled to reject a medical opinion that is not supported. *See e.g. Meanel v. Apfel,* 172 F.3d 1111, 1113-14 (9th Cir. 1999) and *Lester v. Chater*, 81 F3d 821, 831 (9th Cir. 1995). This is what the ALJ did and Plaintiff's argument therefore fails.

Plaintiff also argues the record does not support the ALJ's rationale for rejecting Dr. Hussany's opinion because "Dr. Hussany cited several specific records demonstrating chronic neck and arm pain based on spondylosis, degenerative disc disease and stenosis." Dkt. 18 at 7. In support, Plaintiff cites to records from October 20, 2017 through November 5, 2018. *Id* at 7-9.

The argument is not persuasive. Plaintiff applied for disability benefits claiming he has been disabled since July 1, 2005. Tr. 30. Plaintiff's date last insured was June 30, 2009, Tr. 32. Dr. Hussany opined Plaintiff met the requirements of Listing 1.04A as of July 1, 2005, Tr. 1300, despite saying "my rationale is based on the claimant's history and exam subsequent to 2/28/2015." Tr. 1307. The Court cannot say the ALJ erred in rejecting Dr. Hussany's opinion that Plaintiff has been disabled since July 2005, because even the medical records that Plaintiff cites were from visits eight years after the date last insured. Further the Court cannot say the ALJ erred in finding Dr. Hussany failed to cite to records that support the opinion Plaintiff has been disabled since 2005.

Additionally, the evidence Plaintiff cites establishes Plaintiff has severe impairments as the ALJ found. But, on their face the evidence does not establish Plaintiff meets the requirements of a listed impairment and does not set forth the limitations Dr. Hussany proffered. Further, the ALJ called Dr. Ronald Kendrick to testify at the hearing as a medical expert. Dr. Kendrick also reviewed the evidence and the ALJ adopted Dr. Kendrick's opinion in determining Plaintiff's

1  RFC. Plaintiff has not assigned error to the weight the ALJ assigned Dr. Kendrick. The ALJ is
2  entitled to call medical experts and to decide what weight to give to each expert, and gave weight
3  to Dr. Kendrick's opinions.  In sum, the ALJ reasonably discounted Dr. Hussany's opinion and
4  gave weight to Dr. Kendrick's opinion, an opinion that Plaintiff has not challenged.  The Court
5  accordingly affirms the ALJ's assessment of Dr. Houssany's opinions.

6        **2.**       **Dr. Leinenbach**

7  In 2018, Dr. Leinenbach reviewed some of Plaintiff's records and opined Plaintiff could
8  perform sedentary work. Tr. 1108. The ALJ rejected the doctor's opinion because it was based
9  upon records "around the time of the claimant's discectomy in December 2017, and not the entire
10 record," and the opinion was inconsistent with the longitudinal record. The ALJ did not specify
11 why the opinion was inconsistent with the longitudinal record; as a conclusory statement, it is
12 insufficient grounds to reject Dr. Leinenbach's opinion.

13 The ALJ did note the record showed Plaintiff has some right sided weakness or decreased
14 sensation but he has demonstrated normal reflexes, muscle strength and tone. The ALJ found
15 these findings are consistent with the ability to perform light work. Tr. 40. However, the ALJ did
16 not explain why this evidence contradicts Dr. Leinenbach's opinion or medical records that
17 indicated Plaintiff suffers from chronic pain, among other things.

18 Additionally, the ALJ's focus on findings of normal reflexes, muscle strength and tone
19 omits and discussion of Plaintiff's other physical problems. The ALJ's focus gives the appearance
20 that Plaintiff has no other limiting medical problems despite the fact the record indicates Plaintiff
21 has long struggled with chronic pain, that his condition was severe enough that he underwent the
22 surgery Dr. Leinenbach mentions. The record also shows that despite the surgery, Plaintiff's
23 problems with pain did not go away and instead he has continued to struggle with pain, range of

motion issues, and some strength issues. The Commissioner defends the ALJ arguing the ALJ relied upon Dr. Kendrick's opinion. But the ALJ did not reject Dr. Leinenbach's opinion on this basis and accordingly neither can the Court. The ALJ accordingly erred and must reassess Dr. Leinenbach's opinion on remand.

### 3.   New Evidence Presented to the Appeals Council

After the ALJ issued her decision, Plaintiff submitted an April medical source statement form Physical Therapist Jamie Graves which was endorsed by treating Doctor Daniel Coffin, D.O. Because the ALJ misevaluated Dr. Leinebach's opinions, and the case must be remanded, the Court need not address whether the evidence presented to the Appeals Council undermines the ALJ's decision. On remand the new evidence the ALJ should considered the new evidence.

**B.   Plaintiff's Testimony**

The ALJ rejected Plaintiff's testimony as inconsistent with the medical evidence. Because the medical evidence must be reassessed this is not a basis to reject Plaintiff's testimony. The ALJ also rejected Plaintiff's testimony as inconsistent with his daily activities such making simple meals, driving, feeding animals, and doing household chores. These minimal activities do not contradict Plaintiff's claim he cannot perform light work and is limited to sedentary work.

However, the ALJ also noted Plaintiff cleaned animal stalls. Tr. 37-38. The record upon which the ALJ relied in making this finding indicated "Patient has been working on his farm (cleaning stalls) . . . "Patient lives with his wife and manages a small farm. Reports he is able to function and manages well with having pain management." Tr. 1046. Plaintiff argues these activities are not well enough described and Plaintiff works at his own pace. But these are arguments, and the Court cannot say the ALJ unreasonably found these activities do not square with Plaintiff's testimony. The Court accordingly affirms the ALJ's determination.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5

**C.     Separation of Powers Claim**

In his reply brief, Plaintiff argues for the first time that because the Commissioner is statutorily removable only for cause, the SSA's structure violates the separation of powers doctrine, and strips the Commissioner from appointing or delegating to the ALJ the authority to make findings regarding benefits eligibility. Dkt. 22. Because the Court finds non-constitutional error calls for the case to be remanded, the Court declines to address the constitutional argument raised for the first time in his reply brief. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Plaintiff contends the Court should remand the case for an award of benefits. Remand for benefits should be ordered in only the rare case in which there the evidence need no longer be weighed, and further proceedings would not be beneficial. Here, the ALJ must reassess Dr. Leinenbach's opinion and the opinions of Physical Therapist Jamie Graves, which was endorsed by treating Doctor Daniel Coffin, D.O. These assessments which call for weighing of the evidence are reserved to the Commissioner and thus remand for further proceedings is not only beneficial but also necessary.  Accordingly, the Court concludes that remand for further administrative proceedings are appropriate.

On remand, the ALJ shall reassess Dr. Leinenbach's opinion and the opinions of Physical Therapist Jamie Graves which was endorsed by treating doctor Daniel Coffin, D.O., develop the

record and redetermine Plaintiff's residual functional capacity as needed, and proceed to the remaining steps of the evaluation process as appropriate.

DATED this 15th day of September 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7